UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**SUPPRESSED**
**FILED**

FEB 1 9 2014

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. **4:14CR0042 RWS/NCC** |
| JILLIAN NICHOLS, ) | |
| Defendant. ) | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

### WIRE FRAUD

**BACKGROUND**

At all times relevant to the Indictment:

1.  Robert was a partner in a law firm in the St. Louis area. In or about April, 2012 Robert hired defendant **JILLIAN NICHOLS** (hereinafter referred to as "**NICHOLS**") as a non-lawyer assistant to work with him and assist him on certain of his legal cases. **NICHOLS** had no formal legal training and was paid hourly. On or about September 13, 2013, defendant **JILLIAN NICHOLS** left Robert's law firm to take a position as an assistant with a different St. Louis area law firm.

2.  While **NICHOLS** was working at Robert's firm, she worked with Robert on the defense of a state felony criminal case pending in St. Louis County Circuit Court. The defendant in that criminal case was Robert's client, John Doe 1. As part of her duties, **NICHOLS** worked closely with John Doe 1 in investigating and helping prepare his defense, often meeting with him as well as speaking with him on the telephone outside the presence of

Robert. **NICHOLS** also frequently communicated with John Doe 1 by text message. Unbeknownst to Robert, after defendant **NICHOLS** left his law firm she continued to meet with John Doe 1 and to communicate with him by telephone and text message, and she continued to discuss the defense of his case with him.

3.    John Doe 2 was an assistant prosecuting attorney in St. Louis County and was the prosecutor assigned to John Doe 1's case.

## SCHEME TO DEFRAUD

4.    Beginning on or about June 1, 2013, and continuing through on or about December 10, 2013, both dates being approximate and inclusive, in the Eastern District of Missouri, defendant,

### JILLIAN NICHOLS,

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from John Doe 1 by means of materially false and fraudulent pretenses, representations, and promises.

5.    It was a part of the scheme that on one and more occasions, unbeknownst to attorney Robert, defendant **NICHOLS** falsely represented to John Doe 1 that prosecutor John Doe 2 had requested a payment of $10,000 in order to give favorable consideration and treatment to John Doe 1 in his pending case.

6.    It was a further part of the scheme that on November 9, 2013, defendant **NICHOLS** falsely represented to John Doe 1 that the prosecutor John Doe 2 said, "…he is going to give [you] a deal"…."Something like probation".

7.    It was a further part of the scheme that defendant **NICHOLS** falsely represented to John Doe 1 that she had favorable evidence "planted" on John Doe 1's cellular telephone in

order to support his defense.   Further, defendant **NICHOLS** falsely represented to John Doe 1 that she had paid the forensic expert, hired by defense attorney Robert to analyze John Doe 1's cellular telephone, so that the expert would validate and verify the "planted" evidence:   "The expert who went through your phone; some things were planted to help you….Evidence that will help you….So I did that part".   "I made a deal with the phone guy too, to make sure there was something in there too, if it goes to court".

8. On November 15, 2013, in response to defendant **NICHOLS'** false representations that the prosecutor had solicited $10,000, John Doe 1 told defendant **NICHOLS** that he could not afford to pay $10,000, and that the most he could pay was $2,000.   John Doe 1 further told **NICHOLS** that with making the payment he would only plead guilty to a misdemeanor, not the felony charge.   In furtherance of the scheme, defendant **NICHOLS** told John Doe 1 that "I'm going to try and get you the best deal….ur asking for a lot and not able to give a lot…I'm trying…but that's a lot to ask for".

9. Based upon defendant **NICHOLS** false representations, it was ultimately agreed between **NICHOLS** and John Doe 1 that John Doe 1 would give **NICHOLS** an initial $5,000 in cash for her to purportedly pay the bribe to John Doe 2, and then an additional $5,000 in cash after John Doe 2 gave favorable consideration and treatment to John Doe 1 in his pending case.

10. It was a further part of the scheme that on December 10, 2013, at defendant **NICHOLS** direction, she and John Doe 1 met at a restaurant in Clayton, Missouri where John Doe 1 gave defendant **NICHOLS** an envelope containing $5,000 cash, one-half of the purported bribe payment, based upon defendant **NICHOLS'** false representations that she was going to meet with the prosecutor John Doe 2 and pay him the $5,000 as partial payment for favorable consideration and treatment to John Doe 1 on his case.

11. It was a further part of the scheme, and in order to conceal the scheme, that defendant **NICHOLS** directed John Doe 1 not to tell his defense attorney, Robert, of their discussions about bribing the prosecutor or planting evidence on John Doe 1's cellular telephone. "Don't want Bob to know anything. Doing this all behind his back".

## THE WIRE

12. On or about November 9, 2013, within the Eastern District of Missouri, and elsewhere, the defendant,

### JILLIAN NICHOLS,

for the purpose of executing the above-described scheme and artifice to defraud and to obtain money and property and in attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, to wit: a text message between defendant **JILLIAN NICHOLS** and John Doe 1 wherein **NICHOLS** falsely stated, concerning the prosecutor John Doe 2: "…he is going to give u a deal….Something like probation".

All in violation of Title 18, United States Code, Section 1343.

### COUNT 2

### MAKING A FALSE STATEMENT

13. On or about December 11, 2013, within the City of Clayton, Missouri, in the Eastern District of Missouri, in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, the defendant,

### JILLIAN NICHOLS,

did knowingly and willfully make one and more false, fraudulent, and fictitious material statements and representations; that is, defendant falsely stated that:

    A.    Defendant was not aware that John Doe 1 was bringing money to give defendant for the prosecutor John Doe 2 when defendant and John Doe 1 met in Clayton, Missouri on December 10, 2013;

    B.    Defendant never discussed an amount of money for John Doe 1 to bring to their December 10, 2013 meeting;

    C.    Defendant did not know there was money inside the envelope given to her by John Doe 1 when they met on December 10, 2013.

    In violation of Title 18, United States Code, Section 1001(a)(2).

    A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
HAL GOLDSMITH
Assistant United States Attorney